| United States Bankruptcy Court | Eastern District of Oklahoma | Voluntary Petition |
|---|---|---|

| Name of debtor - if individual, enter Last, First, Middle) | Name of Joint Debtor (Spouse) (Last, First, Middle) |
|---|---|
| **Allison Oil & Distributing, Inc. ,** | |

| All Other Names used by the debtor in the last 8 years (include married, maiden, and trade names.) | All Other Names used by the joint debtor in the last 6 years (include married, maiden, and trade names.) |
|---|---|

| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. |
|---|---|

| Street Address of Debtor (No. & Street, City, State & Zip Code) | Street Address of Joint Debtor (No. & Street, City, State & Zip) |
|---|---|
| **218 Moore St. SW**<br>**Ardmore, OK 73402** | |

| County of Residence or of the<br>Principal Place of Business:   **Carter, 40019** | County of Residence or of the<br>Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (If different from street address): | Mailing Address of Joint Debtor (If different from st. address) |
|---|---|
| **PO Box 1854**<br>**Ardmore, OK 73402** | |

Location of Principal Assets of Business Debtor
(If different from address listed above)

| Type of Debtor (Form of Organization) (Check one box) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| [ ] Individual (Includes Joint Debtors)<br>See Exhibit D one page 2 of this form.<br>[X] Corporation (Includes L.L.C & L.L.P.)<br>[ ] Partnership<br>[ ] Other(if debtor is not one of the above entities, check this box & provide the information below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 USC 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other<br>**Tax-Exempt Entity**<br>(Check box, if applicable)<br>[ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | [X] Chapter 7 [ ] Chapter 11 [ ] Chapter 15 Petition for Reorganization of a Foreign Main Proceeding.<br>[ ] Chapter 9 [ ] Chapter 12 [ ] Chapter 15 Petition for Reorganization of a Foreign Nonmain Proceeding<br>[ ] Chapter 13<br><br>**Nature of Debts (Check one box)**<br>[X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose". [ ] Debts are primarily business debts. |

| Filing Fee (Check one box) | | Chapter 11 Debtors |
|---|---|---|
| [X] Filing fee attached<br>[ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments Rule 1006(b). See Official Form 3A.<br>[ ] Filing fee waiver requested (Applicable in chapter 7 individuals only) Must attache signed application for court consideration. See Form 3B. | | Check one box:<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>[ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300.<br>Check all applicable boxes:<br>[ ] A Plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 USC 1126(b) |

| Statistical/Administrative Information | This Space for Court Use Only |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 $1 million | $1,000,001 $10 million | $10,000,001 $50 million | $50,000,001 $100 million | $100,000,001 $500 million | $500,000,001 $1 billion | Over $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 $1 million | $1,000,001 $10 million | $10,000,001 $50 million | $50,000,001 $100 million | $100,000,001 $500 million | $500,000,001 $1 billion | Over $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed<br>None | Case Number | Date Filed |
| Location Where Filed | Case Number | Date Filed |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor<br>Michael Travis Allison | Case Number | Date |
| Relationship<br>Owner of Corp. | District<br>Eastern Dist. of OK | Judge<br>Cornish |

<table>
<tr><th>EXHIBIT A</th><th>EXHIBIT B<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)</th></tr>
<tr><td>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.)<br><br>[ ] Exhibit A is attached and made a part of this petition.</td><td>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. 342(b).<br><br>_____  _5-22-11_<br>Signature of Attorney for Debtor(s)          Date</td></tr>
</table>

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and indentifiable harm to public health or safety?

[ ]   Yes, and Exhibit C is attached and made a part of this petition.

[X]  No

### EXHIBIT D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attache a separate Exhibit D.)

[ X ]  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

[ ]     Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

#### Information Regarding the Debtor  -  Venue
(Check any applicable box)

[X]   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ]   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

[ ]   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding in a federal or state court' in this District, or the interests of the parties will be served in regard to the relief sought in this District.

#### Statement by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

[ ]   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

[ ]   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

[ ]   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

[ ]   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. 362(l)).

**Voluntary Petition**

*(This page must be completed and filed in every case)*

Name of Debtor(s): Allison Oil & Distributing, Inc. ,

## Signatures

### Signature(s) of Debtor(s)  (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7. I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11 United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.]

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of Attorney *

Signature of Attorney for Debtor(s)       Date: 6-22-11

Jimmy L. Veith, Bar # 9222

Printed Name of Attorney for Debtor(s)

Firm Name:   Jimmy L. Veith, PC
Address:     P.O. Box 607
             120 A St NW
             Ardmore, OK 73402
Telephone:   (580)226-2353

* In a case in which 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The Debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

TRAVIS ALLISON
Printed Name of Authorized Individual

PRESIDENT
Title of Authorized Individual

6-22-11
Date

### Signature of a Foreign Representative of a Recognized Foreign Proceedings

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition. A certified copy of the order granting recognition is attached.

(Check only one box.)

[ ] I request relief in accordance with chapter 15 of title 11, USC. Certified copies of the documents required by 11 USC 1515 are attached.

[ ] Pursuant to 11 USC 1511, I request relief in accordance with the chapter of title 11 specified in this petition.   A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Non- Attorney Petition Preparer

I certify under penalty of perjury that:  1) I am a bankruptcy petition preparer as defined in 11 USC § 110; I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required  under 11 USC §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 USC § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed or Typed Name of Bankruptcy Petitioner Preparer

_____
Social Security number (if the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer) (Required by 11 USC § 110.)

Address

_____

X _____
Signature of Bankruptcy Petition Preparer

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 & the Fe

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,

)
)

Case No.:

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[ X ] 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[ ] 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case was filed.*

[ ] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankrucy case without first receiving a credit counseling briefing.**

[ ] 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    [ ] Incapacity. (Defined in 11 USC 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    [ ] Disability. (Defined in 11 USC 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    [ ] Active military duty in a military combat zone.

[ ] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 USC 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: _____ Date: 6-22-11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A,B,D,E,F,I and J in the boxes provided. Add the amounts from Schedules A & B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property: | Yes | 1 | $302,000.00 | | |
| B - Personal Property: | Yes | 2 | $22,500.00 | | |
| C - Prop. Claimed as Exempt: | No | 0 | | | |
| D - Creditors Holding Secured Claims: | Yes | 1 | | $592,711.01 | |
| E - Creditors Holding Unsecured Priority Claims: | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsec. Non-priority Claims: | Yes | 1 | | $263,162.28 | |
| G - Executory Contracts and Unexpired Leases: | Yes | 1 | | | |
| H - Codebtors: | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s): | Yes | 1 | | | $0.00 |
| J - Current Expenditures of Individual Debtor(s): | Yes | 0 | | | $0.00 |
| Total No. of Sheets in All Schedules: | | 10 | | | |
| Total Assets: | | | $324,500.00 | | |
| Total Liabilities: | | | | $855,873.29 | |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

I Declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 10 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

6-22-11
Date

_Signature of Debtor_

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,          )          Case No.:
                                           )          Chapter  7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in 101(8) of the Bankruptcy Code 11 USC 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

[  ] Check this box if you are an individual debtor whose debts are NOT primarily consmer debts.  You are not required to report any information  here.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule E) | $0.00 |
| TOTAL: | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $0.00 |
| Average Expenses (from Schedule J, Line 18) | $0.00 |
| Current Monthly Income (from Form 22A Line 12; or, Form 22B Line 11; or Form 22C Line 20 ) | $0.00 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column. | | $322,000.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column. | | $0.00 |
| 4.  Total from Schedule F | | $263,162.28 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3 and 4). | | $585,162.28 |

# SCHEDULE A - REAL PROPERTY

List all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "J". If the debtor holds no interest in real property, write "None" under "Description & Location of Property."

Do not list interest in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a security interest in the property, show "$0.00" in the column labeled "Amt. Secured".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property in Schedule C - Property Claimed as Exempt.

| DESCRIPTION & LOCATION | NATURE OF INTEREST | J? | VALUE | AMT. SECURED |
|---|---|---|---|---|
| **Business Property**<br>120 Sam Noble Parkway<br>Ardmore, OK 73401 | fee | | $84,500.00 | $625,191.95 |
| *Legal Description:* Lot Three (3), Block Twelve (12), containing 14000 Sq. Ft. (.32 acres), City of Ardmore, Carter County, Oklahoma, according to the recorded plat thereof. LESS AND EXCEPT all interest in and to the minerals and all rights pertaining thereto. | | | | |
| **Business Property**<br>218 Moore St. SW<br>Ardmore, OK 73401 | fee | | $105,000.00 | $625,191.95 |
| *Legal Description:* Lots Three (3), Four (4), Thirteen (13) and Fourteen (14), Block Four Hundred Eighty-A (480-A), BOGGS RE-SUBDIVISION OF BLOCK 480 in the City of Ardmore, Carter County, Oklahoma, according to the recorded plat thereof. LESS AND EXCEPT all interest in and to the minerals and all rights pertaining thereto. | | | | |
| **Business Property**<br>400 South Washington<br>Ardmore, OK 73401 | fee | | $112,500.00 | $615,191.95 |
| *Legal Description:* The South 74.87 feet of the West 150 feet of Lot Six (6) and the North 80.45 feet of the West 150 feet of Lot Seven (7), Block Four Hundred Thirty Six (436), of the Original Townsite of Ardmore, Carter County, Oklahoma, according to the recorded plat thereof, more particularly described as follows: Beginning at a point on the West line of said Lot 7, Block 436 which is 19.55 feet North of the Southwest corner thereof; thence North along the West line of Lots 7 and 6, a distance of 150.00 feet; thence Easterly 150.00 feet (measures 149.93) to a point which is 74.87 feet North of the South line of Lot 6; thence South and parallel with the West line of Lots 6 and 7, a distance of 150.00 feet to a point which is 24.87 feet North of the South line of Lot 7; thence Westerly 150.00 feet (measures 149.93 feet) to the point of beginning. LESS AND EXCEPT all interest in and to the minerals and all rights pertaining thereto. | | | | |

Total: **$302,000.00**

Allison Oil & Distributing, Inc. ,
Schedule A - Real Property Property Page 7

Chapter 7

# SCHEDULE B - PERSONAL PROPERTY

List all personal property of the debtor of whatever kind. If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "J?". If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interest in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | DESCRIPTION & LOCATION | J? | VALUE |
|---|---|---|---|
| 1. Cash on hand. | Cash on Hand | | $0.00 |
| 2. Checking, Savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associates, or credit unions, brokerage houses, or cooperatives. | None | | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords and others. | None | | $0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | None | | $0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | None | | $0.00 |
| 6. Wearing apparel. | None | | $0.00 |
| 7. Furs and jewelry. | None | | $0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | None | | $0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | None | | $0.00 |
| 10. Annuities. Itemize and name each issuer. | None | | $0.00 |
| 11. Interests in an education IRA as defined in 26 USC 530(b)(1) or under a qualified State tuition plan as defined in 26 USC 529(b)(1). Give particulars. (File separately the record(s) of any such interests(s). 11 USC 521(c); Rule 1007(b)). | None | | $0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | None | | $0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | None | | $0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | None | | $0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | None | | $0.00 |
| 16. Accounts receivable. | None | | $0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | None | | $0.00 |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | None | | $0.00 |

Allison Oil & Distributing, Inc.  ,        Schedule B - Personal Property - Page 1 of 3.

Chapter 7

| TYPE OF PROPERTY | DESCRIPTION & LOCATION | J? | VALUE |
|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | None | | $0.00 |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | None | | $0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | None | | $0.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | None | | $0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | None | | $0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 USC 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | None | | $0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles. | None | | $0.00 |
| 26. Boats, motors, and accessories. | None | | $0.00 |
| 27. Aircraft and accessories. | None | | $0.00 |
| 28. Office equipment, furnishings, and supplies. | Office Equipment & furniture | | $2,000.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | 12 fuel pumps | | $12,000.00 |
| | Misc. Hand Tools | | $500.00 |
| | 8 Above Ground Storage Tanks | | $8,000.00 |
| 30. Inventory. | None | | $0.00 |
| 31. Animals. | None | | $0.00 |
| 32. Crops - growing or harvested. Give particulars. | None | | $0.00 |
| 33. Farming equipment and implements. | None | | $0.00 |
| 34. Farm supplies, chemicals, and feed. | None | | $0.00 |
| 35. Other personal property of any kind not already listed. Itemize. | None | | $0.00 |

Total: **$22,500.00**

Allison Oil & Distributing, Inc. ,    Schedule B - Personal Property - Page 2 of 2.

Chapter 7

# SCHEDULE D - CREDITORS HOLDING GENERAL SECURED CLAIMS

All claims secured by property of the debtor are listed below. Each column contains the following information:

**CREDITOR:** Name, address and zip code of the creditor, & account and loan number if available.

**COMMENTS:** 1st line - amount owed
2nd line - date claim was incurred
3rd line - whether debt is joint, husband, wife, community
4th line - whether contingent, unliquidated or disputed
5th line - name of codebtor other than spouse in joint case
6th line - consideration & misc. information

**P?:** "P" if lien is purchase money,
"N" if lien is non-purchase money.

**COLLATERAL:** Description of Collateral

**F.M.V.:** Fair market value of collateral.

| CREDITOR | COMMENTS | P? | COLLATERAL | VALUE |
|---|---|---|---|---|
| **Colson Services/REI** | $242,711.01 | P | 120 Sam Noble Parkway | $84,500.00 |
| PO Box 1335 | 10/2006 | P | 218 Moore Street SW | $105,000.00 |
| Durant, OK 74702 | | P | 400 South Washington | $112,500.00 |
| 2438686007 | | | Total: | $302,000.00 |
| Loan | | | | |
| **First Bank & Trust Co.** | $322,000.00 | P | 120 Sam Noble Parkway | $84,500.00 |
| P.O. Box 580 | 10/2006 | P | 218 Moore Street SW | $105,000.00 |
| Duncan, OK 73534-0580 | | P | 400 South Washington | $112,500.00 |
| | | P | Personal Property of Business | $22,500.00 |
| 4301164 | | | Total: | $324,500.00 |
| Loan | | | | |
| **First National Bank & Trust Co** | $28,000.00 | N | 2008 Ford Truck | $36,745.00 |
| Attn: Deanna Oldham | 9/13/2010 | N | | |
| PO Box 69 | | | | |
| Ardmore OK 73402 | | | | |
| Acct. #241336 | | | Total: | $36,745.00 |
| Vehicle | | | | |
| | *Total Amt:* | **$592,711.01** | | |

Allison Oil & Distributing, Inc. ,   Schedule D - Creditors Holding General Secured Claims - Page 1 of 1.

Chapter 7

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

All unsecured priority claims are listed below. Each column contains the following information:

| CREDITOR: | COMMENTS: | AMOUNT: |
|---|---|---|
| Name, address and zip | 1st line - date claim was incurred | 1st line - Total amount owed, |
| code of the creditor, & | 2nd line - whether debt is joint, husband, wife, community | 2nd line - Amt. entitled to priority |
| account and loan | 3rd line - whether contingent, unliquidated or disputed | 3rd line - Amt. not entitled to priority |
| number if available. | 4th line - name of codebtor other than spouse in joint case | |

**TYPES OF PRIORITY CLAIMS:** (Check the appropriate box(es) below if claims in that catagory are listed on the attached sheets)

**[ ] Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such child, or a governmental unit to whom such domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

**[ ] Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

**[ ] Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

**[ ] Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceeding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**[ ] Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

**[ ] Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7)

**[ ] Taxes & Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

**[ ] Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments by the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Govenors of the Federal Reserve System, or the predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

**[ ] Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or other substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR | COMMENTS | AMOUNT |
|---|---|---|

**None**

Allison Oil & Distributing, Inc. ,    Schedule E - Creditors Holding Unsecured Priority Claims , Page 1 of 1.

Chapter    7

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

All unsecured nonpriority claims are listed below. Each column contains the following information:

CREDITOR: Name, address and zip code of the creditor, account or loan number, name of codebtor other than a spouse in a joint case.

COMMENTS: 1st line - amount owed
2nd line - date claim was incurred
3rd line - whether debt is joint, husband, wife, community
4th line - whether contingent, unliquidated or disputed
5th line - consideration and misc. comments.

| CREDITOR | COMMENTS | CREDITOR | COMMENTS |
|---|---|---|---|
| **Chad Jordan**<br>PO Box 5947<br>Ardmore, OK 73403 | $67,283.66<br>10/2006<br><br>Loan | **Rick Orr**<br>PO Box 915<br>Ardmore, OK 73402 | $67,283.66<br>4/2010<br><br>Loan |
| **Coventry Health Care of Kansas**<br>c/o RMS<br>1250 E. Diehl Rd., Ste 300<br>Naperville, IL 60563<br>5108161000; 402191522-DT | $1,354.42<br>7/2010<br><br>Other<br>insurance | **US Department of Labor**<br>215 Dean A McGee Ave., Rm. 321<br>Oklahoma City, OK 73102<br>Case# 1574891 | $3,954.51<br><br>Other |
| **First Bank & Trust Co.**<br>P.O. Box 580<br>Duncan, OK 73534-0580<br>4302357 | $50,480.94<br>10/2009<br><br>Loan | | |
| **Jordan Distributing Co.**<br>P.O. Box 5947<br>Ardmore, OK 73403 | $0.00<br><br>disputed<br>Other | | |
| **Mercy Memorial Hospital**<br>1011 14th Ave. N.W.<br>Ardmore, OK 73401<br>MMH | $4,742.44<br>thru 2-22-11<br><br>Other<br>overpayment | | |
| **Orr Oil & Gas E&P, Inc.**<br>c/o Hisey & Landgraf<br>333 W. Main, Ste. 450<br>Ardmore, OK 73401 | $62,842.65<br>4/2010<br><br>Loan | | |
| **Pitney Bowes Global Financial**<br>Attn: Customer Services<br>2225 American Dr.<br>Neenah, WI 54956-1005<br>7852594002 | $5,220.00<br>4/2/2010<br><br>disputed<br>Other | | |

Total: $263,162.28

Allison Oil & Distributing, Inc. ,      Schedule F - Creditors Holding Unsecured Nonpriority Claims - Page 1 of 1.

Chapter 7

# SCHEDULE G - EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's in the contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.

Note: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| NAME & MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE & NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Pitney Bowes Global Fin. Svcs.<br>Attn: Customer Services<br>2225 American Dr.<br>Neenah, WI 54956-1005 | lessee<br>42 month lease of mail equipment beginning on 4/2/2010 |

Allison Oil & Distributing, Inc. ,     Schedule G - Executory Contracts & Unexpired Leases - Page 1 of 1.

Chapter  7

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceeding the commencement of this case.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Travis Allison<br>PO Box 1854<br>Ardmore, OK 73403 | Colson Services/REI<br>PO Box 1335<br>Durant, OK 74702 |
| Travis Allison<br>PO Box 1854<br>Ardmore, OK 73401 | First Bank & Trust Co.<br>P.O. Box 580<br>Duncan, OK 73534-0580 |
| Travis Allison<br>PO Box 1854<br>Ardmore, OK 73403 | First Bank & Trust Co.<br>P.O. Box 580<br>Duncan, OK 73534-0580 |
| Michael Travis Allison<br>PO Box 1854<br>Ardmore, OK 73403 | Orr Oil & Gas E&P, Inc.<br>c/o Hisey & Landgraf<br>333 W. Main, Ste. 450<br>Ardmore, OK 73401 |
| Travis Allison<br>PO Box 1854<br>Ardmore, OK 73403 | Rick Orr<br>PO Box 915<br>Ardmore, OK 73402 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,

)
)

Case No.:

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. If the answer to any question is "None," or the question is not applicable, so indicate. If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purposes of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purposes of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed full-time or part-time. An individual debtor also may be "in business" for the purposes of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(30).

| 1. Income from employment or operation of business | Amount | Year | Source (if more than one) |
|---|---|---|---|
| State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's | $0.00 | 2011 | Allison Oil & Distributing Co. |
| business, including part-time activities either as an employee or in | -$86,724.00 | 2010 | Allison Oil & Distributing Co. |
| independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross | $62,737.00 | 2009 | Allison Oil & Distributing Co. |

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse seperately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

| 2. Income other than from employment or operation of business | Amount | Year | Source |
|---|---|---|---|
| State the amount of income received by the debtor other than from | None | | |

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| 3a. Payment to creditors | Name & Address | Dates of | Amount | Amount Still |
|---|---|---|---|---|
| a. Individual or joint debtor(s) with primarily connsumer debts: List all | of Creditor | Payments | Paid | Owing |
| payments on loans, installment purchases of goods or services, and | None | | | |

a. Individual or joint debtor(s) with primarily connsumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.00. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include

payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3b. Payment to creditors**
b. Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 days immediately preceeding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,850.00. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses wheter or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| First Nat'l Bank & Trust PO Box 69 Ardmore, OK 73402 | 4-12-2011 | $50,078.25 | $0.00 (See Question # 10.A.) |

In April 2010, the Allison Travis, president of the Corp., cashed in a $100,000.00 C.D. owned personally by him and the proceeds were paid as follows:
1.  1st Bank & Trust was paid approximately $50,000.00 for an equipment loan which was owed by Allison Oil & Distributing, Inc., for which Allison Travis had personally guaranteed.
2.  The remaining portion of the C.D., of approximately $50,000.00, was pledged as collateral to secure a pre-existing debt for a line of credit for Allison Oil & Distributing, Inc. which Allison Travis personally guaranteed.  The C.D. was cashed in on  4-12-2011        and the loan was paid in full with a payment of $50,078.25.

All other payments to creditors have been to gas suppliers, in the ordinary course of business.

**3c.  Payment to creditors**
c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor & Relationship | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| None | | | |

**4a. Suits and administrative proceedings, executions,**
a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suite & Case Number | Nature of Proceeding | Court & Location | Status or Disposition |
|---|---|---|---|
| Orr Oil & Gas E&P, Inc. vs. Travis Allison, Allison's Oil Company, Inc., and Allison Oil & Distributing, Inc. CJ-2011-139 | civil | District Ct. Carter Co. | Pending |
| First Bank & Trust Co.,  vs. Allison Oil & Distributing, Inc.; Travis Allison; Chad Jordan; Rick Orr, Rural Enterprises of Oklahoma, Inc., Jordan Distributing Co.; and the US Small Business Administration CJ-2011-131 | civil | District Ct. | Pending |

**4b. Suits and administrative proceedings, executions,**
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is

| Name & Address of Person  for whose benefit property was seized | Date of Seizure | Description & Value of Property |
|---|---|---|
| None | | |

Allison Oil & Distributing, Inc.  ,                    Statement of Financial Affairs - Page 2 of 6                                    Chapter  7

filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description & Value of Property |
|---|---|---|
| None | | |

**6a. Assignments and receiverships**
a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|
| None | | |

**6b. Assignments and receiverships**
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Custodian | Name & Location of Court, Case Title & Number | Date of Order | Description & Value of Property |
|---|---|---|---|
| None | | | |

**7. Gifts**
List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Person or Organization | Relationship to Debtor, if Any | Date of Gift | Description & Value of Gift |
|---|---|---|---|
| None | | | |

**8. Losses**
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description & Value of Property | Describe Circumstances, If Loss Covered by Insurance Give Particulars | Date of Loss |
|---|---|---|
| None | | |

**9. Payments related to debt counseling or bankruptcy**
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name & Address of Payee | Date of Payment, Name of Payor if Other than Debtor | Amount of Money or Description & Value of Property |
|---|---|---|
| Jimmy L. Veith, PC | 03/18/11 | $451.00 |
| Jimmy L. Veith, PC | 03/24/11 | $749.00 |

**10a. Other transfers**
List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing

| Name & Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred & Value Received |
|---|---|---|

From March 2010 to Dec. 2010, the Corporation sold the following

Case 11-80896   Doc 1   Filed 06/22/11   Entered 06/22/11 17:19:26   Desc Main
Statement of Financial Affairs - Page 3 of 6
Document   Page 17 of 29

Chapter 7

under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

vehicles for the amounts shown, which was their current fair market value.

| Aproximate Date | Items Sold | Amt. Received |
|---|---|---|
| March 2010 | Peterbilt Tractor<br>99 Heil Trailer<br>99 Bobtail Truck | $70,000.00<br>(All proceeds paid to 1st Bank & Trust which had a lien on the property.) |
| Dec. 2010 | 75 GMC Bobtail<br>94 Ford Truck<br>72 GMC Bobtail | Sold for $3,500.00<br>Individual, unknown |
| Jan. 2011 | 70 Heil Trailer | Sold for $2,000.00<br>Indivdual, unknown |
| Jan. 2011 | 01 Chevy Truck | Sold for $2,000.00<br>to Charles Eric Allison, Jr. |

**10b. Other transfers**
List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date of Transfer(s) | Amount of Money or Description & Value of Property or Debtor's Interest in Property |
|---|---|---|
| None | | |

**11. Closed financial accounts**
List all financial accounts and instruments held in the name of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Institution | Type & Number of Account & Amount of Final Balance | Amount & Date of Sale or Closing |
|---|---|---|
| First Bank & Trust<br>Ardmore, OK 73401 | Bs. Checking #4218<br>$0.00 | $0.00<br>2/28/11 |

**12. Safe deposit boxes**
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Adress of Bank or Other Depository | Name & Address of those with access to Box or Depository | Describe Contents | Date of Transfer or Surrender |
|---|---|---|---|
| None | | | |

**13. Setoffs**
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

On 3/17/11, First Bank and Trust of Ardmore, took a check from Southern Oklahoma Water Corporation in the amount of $1,400.00 made out to Allison Oil & Distributing, Inc., and applied it towards loan # 4302357 owed to First Bank and Trust.

On 4/7/11, First Bank and Trust of Ardmore took a check made out to the Debtor from the District Attorney (collection on a hot check made out to Allison Oil & Distributing) and applied to towards loan #4302357 owed to First Bank and Trust.

Chapter 7

**14. Property held for another person**
List all property owned by another person that the debtor holds or controls.

Name & Address of Owner
**None**

Description & Value of Property

Location of Property

**15. Prior address of Debtor**
If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Address
**None**

Name Used

Dates of Occupancy

**16. Spouses and Former Spouses**
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Name
**None**

**17a. Environmental Information**
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

Site Name & Address
**None**

Name & Address of Governmental Unit

Date of Notice

Environmental Law

**17b. Environmental Information**
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

Site Name & Address
**None**

Name & Address of Governmental Unit

Date of Notice

Environmental Law

**17c. Environmental Information**
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

Name and Address of Governmental Unit
**None**

Docket Number

**18a. Nature, location and name of business**
a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

Name & Address
**None**

Nature of Business

Beginning & Ending Dates of Operation

**18b. Nature, location and name of business**
b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the six years immediately preceding the commencement of this case.

Name & Address
**None**

Nature of Business

Beginning & Ending Dates of Operation

**18c. Nature, location and name of business**
c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the six years immediately preceding the commencement of this case.

Name & Address
**None**

Nature of Business

Beginning & Ending Dates of Operation

Case 11-80896    Doc 1    Filed 06/22/11    Entered 06/22/11 17:19:26    Desc Main
Document    Page 19 of 29
Allison Oil & Distributing, Inc.  ,                    Statement of Financial Affairs - Page 5 of 6

Chapter 7

| 19a. Books, records and financial statements | Name & Address | Dates Services Rendered |
| --- | --- | --- |
| a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor. | Michael Chandler, CPA Inc.<br>177 E St. NW<br>Ardmore, OK 73401 | 10/2006 to 2/2011 |

| 19b. Books, records and financial statements | Name & Address | Dates Services Rendered |
| --- | --- | --- |
| b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. | Michael Chandler<br>177 E St. NW<br>Ardmore, OK 73401 | 10/2006 to 2/2011 |
| | Michael Travis Allison<br>PO Box 1854<br>Ardmore, OK 73401 | |

| 19c. Books, records and financial statements | Name & Address |
| --- | --- |
| c. List all firms or individuals who at the time fo the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. | Michael Travis Allison<br>PO Box 1854<br>Ardmore, OK 73402 |

| 19d. Books, records and financial statements | Name & Address | Date Issued |
| --- | --- | --- |
| d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor. | First National Bank & Trust<br>Ardmore, OK | 1/2010 |
| | First Bank & Trust<br>Duncan, OK | 1/2010 |
| | Rural Enterprises of OK<br>PO Box 1335<br>Durant, OK 74702 | 1/2010 |

| 20a. Inventories | Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory (Specify costs, market or other basis) |
| --- | --- | --- | --- |
| a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. | None | | |

| 20b. Inventories | Date of Inventory | Name & Address of Custodian of Inventory Records |
| --- | --- | --- |
| b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above. | None | |

| 21a. Current Partners, Officers, Directors and Shareholders | Name & Address | Nature of Interest | Percentage of Interest |
| --- | --- | --- | --- |
| a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. | None | | |

| 21b. Current Partners, Officers, Directors and Shareholders | Name & Address | Title | Nature & Percentage of Stock Ownership |
| --- | --- | --- | --- |
| b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation. | Travis Allison<br>3350 Plainview Rd.<br>PO Box 1854<br>Ardmore, OK 73402 | President | 100% |

Allison Oil & Distributing, Inc. ,   Statement of Financial Affairs - Page 6 of 6   Chapter 7

| 22a. Former partners, officers, directors and shareholders | Name & Address | Date of Withdrawal | |
|---|---|---|---|
| a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case. | **None** | | |

| 22b. Former partners, officers, directors and shareholders | Name & Address | Title | Date of Termination |
|---|---|---|---|
| b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case. | **None** | | |

**23. Withdrawals from a partnership or distributions by a**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Name & Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money Description and Value of Property |
|---|---|---|

**Allison Oil & Distributing, Inc., paid Michael Travis Allison, the following amount:**

**1-1-2010 to 12-31-2010:  $30,000.00**
**1-24-11:  $1,500.00**
**2-7-11:  $1,100.00**

**24. Tax Consolidation Group**
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

Name of Parent Corporation        Taxpayer Identification Number
**None**

**25. Pension Funds**
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

Name of Pension Fund        Taxpayer Identification Number
**None**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

_____        _____
Date        Signature of Debtor

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.  to the best of my knowledge, information and belief.

6-22-11        *Traus Allison*
Date        Signature

TRAVIS ALLISON  PRESIDENT
Print Name and Title

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,             )        Case No.:
                                   )        Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| NAME OF CREDITOR | COLLATERAL | INTENTION |
|---|---|---|
| **Colson Services/REI** | 120 Sam Noble Parkway<br>218 Moore Street SW<br>400 South Washington | Surrender<br>Surrender<br>Surrender |
| Property is (check one)<br>[ ] Claimed as exempt | [ X ] Not claimed as exempt | |
| **First Bank & Trust Co.** | 120 Sam Noble Parkway<br>218 Moore Street SW<br>400 South Washington<br>Personal Property of Business | Surrender<br>Surrender<br>Surrender<br>Surrender |
| Property is (check one)<br>[ ] Claimed as exempt | [ X ] Not claimed as exempt | |
| **First National Bank & Trust Co** | 2008 Ford Truck | Keep |
| Property is (check one)<br>[ ] Claimed as exempt | [ X ] Not claimed as exempt | Reaffirming on personal<br>bankruptcy |

**See Next Page for Part B - Leases & Executory Contracts**

Allison Oil & Distributing, Inc. ,    Case 11-80896   Doc 1   Filed 06/22/11   Entered 06/22/11 17:19:26   Desc Main
Statement of Intent - Page 1 of 2
Document   Page 22 of 29
Chapter 7

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br><br>Pitney Bowes Global Fin. Svcs. | **Describe Leased Property:**<br><br>lessee<br>42 month lease of mail equipment<br>beginning on 4/2/2010 | Lease will be Assumed pursuant to 11 USC 365(p)(2):<br>[ ] YES     [X] NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: 6-22-11      _Paul Allison_
                           Signature of Debtor

Date: _____      _____
                           Signature of Joint Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,

)
)

Case No.:

# DISCLOSURE OF COMPENSATION
## OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept ...................: | $1,200.00 |
| Prior to the filing of this statement I have received ........: | $1,200.00 |
| Balance Due ...............................................................: | $0.00 |

2. The source of the compensation paid to me was:
   ☒ Debtor          ☐ Other (specify)

3. The source of the compensation to be paid to me is:
   ☒ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal services for all aspects of the bankrutpcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   Representation of the Debtor(s) in adversary proceedings.

# CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date: 6-22-11

Jimmy L. Veith, Bar # 9222
Jimmy L. Veith, PC
Attorney at Law
P.O. Box 607
120 A St NW
Ardmore, OK 73402

# NOTICE TO CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a joint-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each Debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each Debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decice whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

Allison Oil & Distributing, Inc. ,     Notice to Individual Consumer Debtor - Page 1                                                     Chapter   7

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13 you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1,000 filing fee, $39 administrative fee: Total fee $1,039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.htm1#procedure.

**Many filing deadlines changed on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rules 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019,1020, 2015,2015.1, 2016, 4001, 4002, 6004 and 6007.**

Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Signature of Debtor:                                    Signature of Joint Debtor (if any):

**Allison Oil & Distributing, Inc.**    **Date**              **Date**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF OKLAHOMA

Allison Oil & Distributing, Inc. ,

)
)

Case No.:

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify that to the best of their knowledge, the attached mailing matrix is

a true and correct list of all creditors.

Dated: 6-22-11

Allison Oil & Distributing, Inc.

Chad Jordan
PO Box 5947
Ardmore, OK 73403
**

Colson Services/REI
PO Box 1335
Durant, OK 74702
**

Conventry Health Care of Kansas
c/o RMS
PO Box 3100
Naperville, IL 60563
**

Coventry Health Care of Kansas
c/o RMS
1250 E. Diehl Rd., Ste 300
Naperville, IL 60563
**

First Bank & Trust Co.
P.O. Box 580
Duncan, OK  73534-0580
**

Jordan Distributing Co.
P.O. Box 5947
Ardmore, OK 73403
**

Mercy Memorial Hospital
1011 14th Ave. N.W.
Ardmore, OK 73401
**

Orr Oil & Gas E&P, Inc.
c/o Hisey & Landgraf
333 W. Main,  Ste. 450
Ardmore, OK 73401
**

Pitney Bowes Global Financial Svcs. LLC
Attn:  Customer Services
2225 American Dr.
Neenah, WI 54956-1005
**

Rick Orr
PO Box 915
Ardmore, OK 73402
**

US Department of Labor
215 Dean A McGee Ave., Rm. 321
Oklahoma City, OK 73102
**